UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TETIANA TERESCHENKO, INDIVIDUALLY; NATALIA PIPCHENKO (DECEASED), BY AND THROUGH HEIR, TETIANA TERESCHENKO; ANATOLII ZVIERIEVA, INDIVIDUALLY; ANNA ZVIERIEVA, INDIVIDUALLY; R.Z., a minor (DECEASED), BY AND THROUGH HEIRS, ANATOLII ZVIERIEVA AND ANNA ZVIERIEVA; YULIIA GORGUL, INDIVIDUALLY AND ON BEHALF OF S.G., a minor; OLEKSANDER GORGUL (DECEASED), BY AND THROUGH HEIR, YULIIA GORGUL; TETIANA ROMANKENKO; YANA MEHEDA, INDIVIDUALLY, AND ON BEHALF OF V.M. AND Z.M., each minors; and OKSANA YEVLAKH<br><br>    *Plaintiffs,*<br><br>v.<br><br>TEXAS INSTRUMENTS INCORPORATED, ADVANCED MICRO DEVICES, INC., INTEL CORPORATION and MOUSER ELECTRONICS, INC.,<br><br>    *Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. |

**DEFENDANT MOUSER ELECTRONICS, INC.'S**
<u>**NOTICE OF REMOVAL**</u>

Defendant Mouser Electronics, Inc. ("Mouser") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a).

---

## I.   INTRODUCTION

1. On December 10, 2025, Plaintiffs filed their Original Petition in Cause No. CC-25-09774-B in the County Court at Law No. 2, Dallas County, Texas, initiating a civil cause of action against Defendants. **Exhibit C**.

2. Plaintiffs assert causes of action against Defendant for negligence, negligence per se, gross negligence, conspiracy to evade and/or violate export restrictions to Iran and Russia, assisting and encouraging tortious conduct, fraudulent concealment by nondisclosure, joint enterprise, wrongful death, and survival in connection with Russia's attack of Ukraine on March 22, 2023.

3. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendants. Plaintiffs' Original Petition expressly alleges that Plaintiffs are seeking over $1,000,000 in this lawsuit. **Exhibit C, at ¶ 17**. In addition to actual damages, Plaintiffs seek exemplary damages, statutory interest, costs, and attorneys' fees. **Exhibit C**.

4. Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the Dallas County state court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the Plaintiffs and Defendants are citizens of different countries, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Viable Parties.

6. At the time this action was commenced, Plaintiffs were, and still are, citizens of Ukraine. In determining diversity jurisdiction, the state where someone establishes his domicile

serves a dual function as his state of citizenship. In determining diversity jurisdiction, the state where someone establishes her domicile serves a dual function as her state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). However, a person cannot be a "citizen" of a state unless she is also a citizen of the United States. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Here, all Plaintiffs are Ukrainian citizens who reside in Ukraine or other countries abroad. **Exhibit C, at ¶ 18**. Thus, for purposes of diversity of citizenship, Plaintiffs are citizens of Ukraine.

7. For complete diversity to exist, no plaintiff may be a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(c)(1); *see also Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). With respect to a corporation, its citizenship is determined by its state of incorporation and the state in which it has its principal place of business. *Id.* Mouser Electronics is a corporation, incorporated in the state of Delaware, with its principal place of business in Mansfield, Texas. Therefore, for diversity purposes, Defendant Mouser Electronics is a citizen of Delaware and Texas. There is no question that Defendant is not a citizen of Ukraine for purposes of diversity.

8. The remaining Defendants in this case, Defendants Texas Instruments Incorporated, Advanced Micro Devices, Inc., and Intel Corporation are corporations that are citizens of various states in the United States. None of the Defendants in this lawsuit are citizens of the country of Ukraine.

9. Because Plaintiffs are citizens of Ukraine and are not citizens of the same state as any of the Defendants, complete diversity exists between the parties such that removal is proper.

**B.     The Amount in Controversy Exceeds $75,000.**

10. The jurisdictional amount for diversity jurisdiction is met if the amount in controversy exceeds $75,000, exclusive of interest and costs. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Plaintiffs' petition expressly alleges that Plaintiff is seeking over

$1,000,000 in this suit. **Exhibit C, at ¶ 17**. As such, the preponderance of the evidence demonstrates that the damages in question are greater than $75,000 in this case and therefore, the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

### III.  VENUE

11.   Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the County Court at Law No. 2 of Dallas County, Texas.

### IV.  PROCEDURAL REQUIREMENTS

12.   Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the State Court Action |
| C. | Plaintiff's Original Petition filed on December 10, 2025 |
| D. | List of Counsel of Record |

13.   Upon information and belief, this Notice of Removal is being filed prior to service of this lawsuit. Specifically, the Fifth Circuit has upheld snap removals such as this. *See Anaya v. Schlumberger Technology Corp.*, No. 24-20170, 2024 WL 5003579, 3 (5th Cir. Dec. 6, 2024) (finding that in diversity cases, a forum defendant may remove a case to federal court prior to the being served with the petition). Because Defendant has not yet been served with this lawsuit, Defendant's removal is proper and timely filed.

14.   There exists an actual and justiciable controversy between Plaintiffs and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

15. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

17. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for Dallas County, Texas promptly after filing of same.

## V.   CONCLUSION

Mouser Electronics respectfully requests that the above-captioned action now pending in the County Court at Law No. 2, of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ Eliot T. Burriss*
**ELIOT T. BURRISS**
ATTORNEY-IN-CHARGE
State Bar No. 24040611
eli.burriss@faegredrinker.com
**ABBEY M. HERNANDEZ**
State Bar No. 24132413
abbey.hernandez@faegredrinker.com
**ZACK M. MCCONNELL**
State Bar No. 24143181
**FAEGRE DRINKER BIDDLE & REATH LLP**
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT MOUSER ELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on December 12, 2025.

                                        */s/ Eliot T. Burriss*
                                        ELIOT T. BURRISS